UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONDALE LEE CHAPMAN,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | Civil No. 13-cv-384-JPG<br>Criminal No 11-cr-40031-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Rondale Lee Chapman's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and its supporting memorandum (Docs. 1 & 2). On July 7, 2011, the petitioner entered an open plea of guilty to three counts of production of child pornography in violation of 18 U.S.C. § 2251(a). The Court sentenced the petitioner to serve a total of 480 months in prison – 300 months on Count 1 and 180 month on Counts 2 and 3, to be served concurrently with each other and consecutively to the term for Count 1. The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on September 20, 2012, affirmed the Court's judgment. *See United States v. Chapman*, 694 F.3d 908 (7th Cir. 2012) (*per curiam*). The petitioner did not seek a writ of *certiorari* from the United States Supreme Court.

In his § 2255 motion, the petitioner raises the following claims:

I. Ineffective assistance of counsel for failing to inform petitioner of the possibility of consecutive sentences for his three counts of conviction and for failing to provide a reasonably accurate estimate of his likely sentence before his guilty plea;

IIa. Ineffective assistance of counsel for failing to file a motion to suppress evidence seized from the petitioner's former home, and other evidence to which the seized evidence led, based on a warrant application that contained material omissions;

IIb. Ineffective assistance of counsel for failing to challenge the "chain of custody" of

the videotape upon which the Government's case relied;

III. Petitioner's plea was involuntary because he was unaware of the possibility of consecutive sentence terms he could receive as a consequence of pleading guilty or the fact that he would have to register as a sex offender;

IV. Ineffective assistance of counsel on appeal for failing to challenge the Court's compliance with Federal Rule of Criminal Procedure 11 during petitioner's guilty plea.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Ground IIa**.**

Ground IIa

In Ground IIa, Chapman asserts he received ineffective assistance of counsel in violation of the Sixth Amendment prior to his guilty plea. Chapman notes that a videotape containing child pornography was cited in a complaint in support of a search warrant to search his former residence (he had moved in with his girlfriend at the time of the search but still used his mobile home). Chapman argues his counsel was constitutionally ineffective for failing to discover that the videotape was obtained in a burglary and to file a motion to suppress on the basis that the complaining officer omitted that fact from his complaint in support of the warrant. Although Chapman's guilty plea would ordinarily waive all non-jurisdictional defects occurring prior to the plea, he can challenge his plea by showing he received ineffective assistance of counsel during the plea process. *Koons v. United States*, 639 F.3d 348, 350-51 (7th Cir.), *cert. denied*, 132 S. Ct. 362 (2011).

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of

counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence

in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).   In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the prejudice prong of the *Strickland* test, the petitioner must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial.   *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt*, 574 F.3d at 458.

Even assuming everything Chapman says is true, his counsel was not constitutionally ineffective for failing to discover the basis for and file a motion to suppress based on inadequacy of the complaint for a search warrant.   Even if counsel had discovered that the videotape was obtained through burglary and had filed a motion to suppress the fruits of the search, it would not have defeated a finding of probable cause for a search warrant.   Since the motion to suppress would have been denied, there is no reasonable chance that had counsel filed such a motion, Chapman would not have pled guilty.

There is probable cause for a search warrant where there is a substantial basis for concluding that a search would uncover evidence of wrongdoing.   *Illinois v. Gates*, 462 U.S. 213, 236 (1983).   The totality of the circumstances must be considered, including "the 'veracity' and 'basis of knowledge' of persons supplying hearsay information."   *Id.* at 239-40.   The Court generally defers to the judgment of the judge issuing the warrant about whether probable cause exists unless the affidavit was knowingly or intentionally false or revealed a reckless disregard for the truth.   *Forman v. Richmond Police Dep't*, 104 F.3d 950, 957 (7th Cir. 1997) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)).

If a criminal defendant believes that an affidavit in support of a facially-valid search warrant contains materially false statements or makes material omissions, he may attempt to

challenge the validity of the search warrant and the fruits of a search pursuant to that warrant. *Franks*, 438 U.S. at 164.   Where the defendant believes the affidavit omits material facts, he must show the omission was "designed to mislead or was made in reckless disregard of whether it would mislead."   *United States v. McMurtrey*, 704 F.3d 502, 511 n.5 (7th Cir. 2013) (citing *United States v. Tate,* 524 F.3d 449, 454-55 (4th Cir. 2008)).   A negligent omission is not enough. *United States v. Residence Located at 218 Third Street,* 805 F.2d 256, 258 (7th Cir. 1986).   He must also show that the omitted facts were material, that is, that they could reasonably have defeated a showing of probable cause.   *Tate*, 524 F.3d at 457.

   Chapman's allegation of an omission in the complaint for a search warrant does not hold up upon close examination of the complaint.   He correctly notes that on the second page, Union County Sheriff's Deputy Scott Harvel stated that Twila Busby provided a videotape containing child pornography and said that her daughter and her daughter's boyfriend had obtained the videotape from Chapman's former residence.   Chapman faults Harvel's complaint for failing to state at that point that the videotape had been obtained in a burglary.   However, on the third page of the complaint, Harvel makes clear that the videotape had been obtained by an individual who had entered Chapman's former residence and removed the videotape without Chapman's knowledge.   Thus, the means of obtaining the videotape from Chapman's former residence was apparent from Harvel's complaint as a whole and was not an omission, much less a material one. The complaint was therefore not misleading.   Knowing all these facts, a judge issued the search warrant, and Chapman has not provided any other reason to think it was not properly supported.

   In sum, Chapman suffered no prejudice from his counsel's alleged failure to discover that the videotape was obtained in a burglary and to move to suppress fruits of the search on the basis of a misleading complaint for a warrant.   Therefore, he did not receive constitutionally ineffective

assistance of counsel in this regard.

For the foregoing reasons, the Court finds that Ground IIa does not justify § 2255 relief. The Court **ORDERS** the Government to file a response to the remainder of petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered. The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.

**IT IS SO ORDERED.**
**DATED: May 16, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**