UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONDALE LEE CHAPMAN,

 Petitioner,

   v.

UNITED STATES OF AMERICA,

 Respondent.

Civil No. 13-cv-384-JPG

Criminal No 11-cr-40031-JPG

## MEMORANDUM AND ORDER

 This matter comes before the Court on petitioner Rondale Lee Chapman's motion for leave to supplement his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 15). Chapman would like to add to his existing § 2255 motion a claim that his counsel was constitutionally ineffective because she (1) failed to "submit reports or affidavits from experts, or any other evidence, to demonstrate a causal relationship between *Chapman's* criminal history, employment history, and acceptance of responsibility and his individual likelihood of reoffending," *United States v. Chapman*, 694 F.3d 908, 914-15 (7th Cir. 2012) (emphasis added), as opposed to general recidivism studies, in an effort to argue for a lower sentence, (2) failed to "offer empirical evidence that the compulsion to produce child pornography 'is so far diminished' at age 46 – or even at 61, the age he would be after serving 15 years – 'as to render the person relatively harmless, or indeed that it is diminished at all,'" *id.* at 915 (quoting *United States v. Beier*, 490 F.3d 572, 574-75 (7th Cir. 2007)), (3) failed to offer "evidence 'to indicate [Chapman's childhood history of sexual abuse] makes a person less able to avoid becoming a child molester, let alone becoming a producer of child pornography,'" *Chapman*, 694 F.3d at 915 (quoting *Beier*, 490 F.3d at 574, and (4) failed to present evidence "to substantiate counsel's assertion that Chapman's drug use prompted him to commit sexual abuse or produce child pornography," *Chapman*, 694

F.3d at 916. The Government has not responded to the motion.

Federal Rule of Civil Procedure 15 governs whether Chapman should be allowed to amend his pleading. Rules Governing Section 2255 Proceedings for the United States District Courts, R. 12. Because the time for amendment as a matter of right has passed, whether the plaintiff should be allowed to amend his complaint is governed by Rule 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which Chapman has not obtained, or leave of court, which the Court should freely give when justice requires. Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chi. Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Ind. Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An amendment is futile if it would not survive a motion to dismiss for failure to state a claim, *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997), or a motion for summary judgment, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001).

Chapman's motion for leave to supplement complains that trial counsel failed to present

certain pieces of evidence at his sentencing hearing, yet it failed to point to any actual evidence that counsel could have presented. When a § 2255 petitioner faults his attorney for failing to object and present evidence at trial or at sentencing, he bears the burden of demonstrating what evidence the attorney should have presented and that the presentation of such evidence would have had a reasonable probability of changing the result. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003). Thus, to prevail in his argument on this matter, Chapman must be able show what evidence his counsel could have presented and how it would have had a reasonable probability of causing the Court to impose a lower sentence.

Chapman has not pointed to any specific mitigating evidence his counsel should have presented at his sentencing and has not said anything to suggest that such evidence actually exists. For this reason, the Court believes his proposed amendment would be futile and, accordingly, **DENIES without prejudice** the motion for leave to supplement (Doc. 15) with leave to file another motion to amend should Chapman be able to actually identify evidence he believes his counsel should have presented. Chapman shall have thirty days from the date of this order to seek leave to amend his § 2255 motion with well-supported additional arguments.

**IT IS SO ORDERED.**
**DATED:   November 19, 2013**

                                        s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**