UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONDALE LEE CHAPMAN,

    Petitioner,

        v. | Civil No. 13-cv-384-JPG

UNITED STATES OF AMERICA, | Criminal No 11-cr-40031-JPG

    Respondent.

## MEMORANDUM AND ORDER

    Pursuant to Federal Rule of Appellate Procedure 22(b)(1), the Court construes Chapman's notice of appeal (Doc. 22) as a request for a certificate of appealability.  *See Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  A § 2255 petitioner may not proceed on appeal without a certificate of appealability.  28 U.S.C. § 2253(c)(1); *see Ouska*, 246 F.3d at 1045.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045.

    In this case, the Court denied Chapman's § 2255 motion from the bench at a February 6, 2014, hearing and indicated a written order explaining the Court's reasons for its oral ruling would follow.  Chapman filed a notice of appeal before the Court could issue that written order and judgment.  Thus, his notice of appeal is premature.  However, pursuant to Federal Rule of Appellate Procedure 4(a)(2), a notice of appeal filed *after* the Court announces its ruling but *before* entry of final judgment will spring into effect when that judgment is entered.  For this reason, the Court **RESERVES RULING** on Chapman's implied request for a certificate of appealability until it issues its final order and judgment.  The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals in connection with Appeal No. 14-1407.

**IT IS SO ORDERED.**
**DATED:   March 4, 2014**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**